IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIE MICHAEL JONES<br>*Petitioner*. | Criminal No. ELH-14-0215<br><br>Related Civil No.: ELH-19-0936 |

**MEMORANDUM**

Willie Michael Jones, the self-represented petitioner, has filed a motion to vacate under 28 U.S.C. § 2255 (the "Motion"). ECF 33. The government opposes the Motion. ECF 42. Jones has not replied.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I.  Background**

On May 6, 2014, Jones was charged in a two-count Indictment with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). ECF 1 (Indictment). Petitioner entered a plea of guilty to Counts One and Two of the Indictment on August 26, 2014. ECF 14. The plea was tendered pursuant to a Plea Agreement. ECF 15.

According to both the Indictment and the Plea Agreement, the offense in Count Two was based on interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count One of the Indictment. *See* ECF 1 at 2 ("the defendant herein, knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

prosecuted in a court of the United States, that is, Interference with Commerce by Threats or Violence in violation of Title 18, United States Code, § 1951(a) as alleged in Count One of this Indictment, and possessed the firearm in furtherance of said crime, and said firearm was brandished and discharged."); ECF 15, ¶ 2(a):  ("The Defendant committed a crime of violence, *specifically Interference with Interstate Commerce by Robbery, as charged in Count One of the Indictment*, for which he might be prosecuted in a court of the United States; and (b) The Defendant knowingly brandished or aided and abetted the brandishing of a firearm during and in relation to the commission of the crime charged in Count One of the Indictment.")  (Emphasis added).

Sentencing was held on July 21, 2015.  ECF 30.  The Court sentenced Petitioner to a term of 24 months of imprisonment as to Count One, and 84 months, consecutive, as to Count Two, for a total term of 108 months of imprisonment.  ECF 31 (Judgment).  Petitioner did not note an appeal.

On March 28, 2019, Petitioner, through the Office of the Federal Public Defender ("FPD"), filed his Motion, seeking relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018).  ECF 33.  In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for "violent felony," at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  *Johnson*, 576 U.S. at 597.  Subsequently, in *Dimaya*, the Supreme Court concluded that, in accordance with *Johnson*, the similarly-worded residual clause provision of 18 U.S.C. § 16(b) was unconstitutionally vague.  *Dimaya*, 138 S. Ct. at 1204.

In the Motion, Petitioner cites to the Fourth Circuit's ruling in *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).  There, the Court concluded that the residual clause

of § 924(c)(3)(B) is unconstitutionally vague.  The "Government concedes that the rule established in *Johnson* applies to § 924(c)(3)(B)." *See* ECF 42 at 4 n.3.

Petitioner also asked this Court to hold the Motion in abeyance pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).  ECF 33.

On June 24, 2019, the Supreme Court rendered its decision in *Davis*.  It ruled that the residual clause definition of "violent felony," contained in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.  Then, on July 31, 2019, the Fourth Circuit issued its decision in *Mathis*.  It held that Hobbs Act robbery, in violation of 18 U.S.C. § 1951, remains a "crime of violence." *Mathis*, 932 F.3d at 266.  Thereafter, the FPD moved to withdraw as counsel in this matter (ECF 38) and I granted that motion.  ECF 39.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Pursuant to 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*,

*United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).  This is such a case; no hearing is necessary.

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

**B.**

Petitioner asserts that his conviction under 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery "categorically fails to qualify as a 'crime of violence'" and therefore defendant's conviction under § 924(c) is void.  ECF 33 at 1-2.  He is wrong.  Interference with interstate commerce by robbery qualifies as a crime of violence under § 924(c)'s force clause.

Section 924(c) prohibits using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  Under § 924(c)(3), a crime of violence is defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  Subsection (A) of § 924(c)(3) is referred to as the "force

4

clause" or "elements clause," and subsection (B) is commonly referred to as the "residual clause."

In *Davis*, 139 S. Ct. 2319, the Supreme Court held that the residual clause of § 924(c)(3) was unconstitutionally void for vagueness. *Id.* at 2336. Notwithstanding the Supreme Court's ruling in *Davis,* which the government concedes "closed the door on the viability of § 924(c)'s residual clause definition of a 'crime of violence,'" ECF 42 at 4, the force clause definition of subsection (A) remains intact. Therefore, a predicate offense may qualify as a "crime of violence" pursuant to the force clause of § 924(c). *See* § 924(c)(3)(A).

Here, the predicate offense for Petitioner's § 924(c) conviction is interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a). That offense satisfies the force clause discussed above, and qualifies as a crime of violence.

In *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016), involving armed bank robbery, the Court held that a taking by "force and violence, or by intimidation" satisfies the force clause of § 924(c)(3)(A). This is so, the Fourth Circuit reasoned, because "to qualify as intimidation, the degree of 'force' threatened must be violence force – that is, force capable of causing pain or injury." *Id.* Then, in *Mathis*, 932 F.3d 242, the Fourth Circuit expressly determined that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), categorically qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). It said, *id.* at 266: "[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."

Appellate courts that have examined the issue of whether Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause provision have unanimously reached the same conclusion as the Fourth Circuit. *See United States v. Jones*, 919

F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).

Accordingly, there is no merit to Jones's Motion.

### III. Conclusion

Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), remains a crime of violence under the force clause of 18 U.S.C. § 924(c). Accordingly, Petitioner is ineligible for relief. A Certificate of Appealability ("COA") shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a COA when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[1] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 759, 773 (2017), 137 S. Ct. at 759. Where the court denies a petitioner's motion on its merits, a petitioner satisfies

---

[1] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.


Date:  August 31, 2020                            /s/
                                          Ellen L. Hollander
                                          United States District Judge